IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| COLUMBIA FALLS ALUMINUM COMPANY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ATLANTIC RICHFIELD COMPANY,<br><br>Defendant. | CV 18–131–M–DWM<br><br>OPINION<br>and ORDER |

This action arises out of a dispute between Plaintiff Columbia Falls Aluminum Company, LLC ("CFAC") and Defendant Atlantic Richfield Company ("Arco") over the parties' respective environmental liabilities at an aluminum smelter in Columbia Falls, Montana ("the Site"). CFAC sued under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and its state analog (the Montana Comprehensive Environmental Cleanup and Responsibility Act, or "CECRA"), seeking cost recovery and contribution for its liability as the current owner and operator of the Site. (Compl., Doc. 1.) Arco counterclaimed, (Doc. 23), and filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, (Doc. 33). That motion was denied. (Doc. 49.) Arco now seeks to compel responses to its First Set of Requests for Admission, Interrogatories, and Requests for Production

1

by August 31, 2019. (Doc. 51.) That motion is granted.

## BACKGROUND

On May 3, 2019, Arco served its first discovery request on CFAC, which asked that CFAC respond and produce documents within thirty days. (*See* Ex. 1, Doc. 51-1.) CFAC responded on June 3, 2019, objecting to a number of Arco's interrogatories and production requests. (*See* Ex. 2, Doc. 51-2.) CFAC's response also includes eight pages of "General Objections." (*Id.*) On June 14, 2019, Arco sent a letter to CFAC, identifying what it believed to be inadequacies in CFAC's response. (*See* Ex. 3, Doc. 51-3.) CFAC responded to that letter on June 21, (*see* Ex. 4, Doc. 51-4), and then disclosed approximately twelve thousand documents to Arco at the end of June, (*see* Exs. 5, 6, Docs. 51-5, 51-6).

At issue here are eight interrogatories, Nos. 3, 4, 5, 7, 8, 9, 10, and 11; and one request for production, No. 19. Request No. 19 states: "Produce all of your [CFAC's] tax returns dating back to 2012." (Doc. 51-1 at 18.) The individual interrogatories state as follows:

> **[No. 3:]** Describe your placement and management of waste generated in connection with operations at the Site in or around Disposal areas including but not limited to Landfills and/or Ponds, including identification of the types of waste placed at each Landfill, Pond, or other Disposal area, the amount of waste placed in each Landfill, Pond, or other Disposal area, and the date(s) such waste was placed in each Landfill, Pond, or other Disposal area.
>
> **[No. 4:]** Describe Releases occurring during your ownership of the Site of Hazardous Materials and/or Hazardous Substances at, from, or

2

around the Landfills, Ponds, Paste Plant, and/or Raw Materials Loading and Unloading Area at the Site, including identification of the types of Hazardous Materials and/or Hazardous Substances that were released in each area, the amount of each Release, and the date of each Release.

**[No. 5:]** Describe your arrangements for the Disposal of wastes generated in connection with operations at the Site to offsite locations, including identification of the type and quantification of the amount of wastes Disposed of in this manner, and identification of all persons, organizations, or entities with whom you arranged for the Disposal of such waste.

**[No. 7:]** Describe all "response costs" that you allege in paragraphs 74 and 119 of the Complaint you have incurred in response to Releases of Hazardous Materials or Hazardous Substances at or from the Site, including the nature of the activity(ies) underlying each cost and the Release(s) each such activity was intended to address.

**[No. 8:]** Describe all actions you have taken or caused to be taken to prevent or mitigate the effects of alleged releases of Hazardous Materials or Hazardous Substances from the Site, including but not limited to the nature, date(s), and status of those actions.

**[No. 9:]** Describe all Remedial Action or other remediation of Environmental Conditions at the Site that you have performed or caused to be performed, or that you will perform or cause to be performed in 2019 or 2020, including but not limited to the nature, location(s), and date(s) of such remediation, the person(s) or firm(s) doing such work.

**[No. 10:]** If you contend that you are not responsible for any elevated cyanide or fluoride concentrations in soil, groundwater, or surface water at the Site, state the basis for that contention and identify all persons with knowledge relating to that contention.

**[No. 11:]** Describe your use, management, and maintenance of the Cedar Creek Drainage Overflow Ditch, including any efforts by you to manage water conveyed by or retained in the Cedar Creek Drainage Overflow Ditch, and including but not limited to identification of all persons with knowledge of such use and management.

(*See generally id.*)

## LEGAL STANDARD

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). If a party fails to disclose requested information, the requesting party may move to compel the opposing party to produce the requested discovery materials. Fed. R. Civ. P. 37(a)(1). Specifically, a party's failure to answer an interrogatory or to respond to a request for production are grounds for obtaining an order compelling disclosure. Fed. R. Civ. P. 37(a)(3)(B). Based on the liberal discovery policies of the Federal Rules of Civil Procedure, a party opposing discovery carries a "heavy burden" of showing why discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In ruling on a motion to compel, "[b]road discretion is vested in the trial court to permit or deny discovery[.]" *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

## ANALYSIS

Arco identifies three primary objections to CFAC's discovery responses. First, Arco objects to CFAC's reliance on Federal Rule of Civil Procedure 33(d) in responding to Interrogatory Nos. 3, 4, 5, 7–11. Second, Arco objections to CFAC's attempt to impose a unilateral document production schedule. Finally, Arco objects to CFAC's refusal to disclose its tax returns for the past seven years

4

consistent with Request for Production No. 19. (*See* Doc. 52.) Arco therefore seeks complete responses and full document production by August 31, 2019. (*Id.* at 11.) In response, CFAC defends its discovery responses and argues that, as a threshold matter, Arco failed to meet and confer in good faith. While Arco succeeds on the substance of its motion, delay in litigating that motion means that CFAC's document production deadline will not be August 31, but rather thirty (30) days from the date of this Order.

## I. Meet and Confer

CFAC first argues that Arco's motion should not be considered because Arco failed to meet and confer in good faith prior to filing its motion. *See* Fed. R. Civ. P. 37(a)(1). CFAC's argument is unpersuasive. Arco has presented written correspondence between the parties addressing the issues raised herein, (*see* Docs. 51-3, 51-4), and attested to a lengthy phone conversation, (*see* Doc. 54 at 2). While it would have been preferable if the parties met in person and thoroughly aired their differences, the rules do not require such an undertaking. Arco's motion to compel is properly before the Court.

## II. Rule 33(d)

In response to Arco's Interrogatory Nos. 3, 4, 5, 7–11, CFAC stated, in part,

> CFAC further objects to this Interrogatory on the ground that it imposes an undue burden on CFAC to set forth specific facts from a review of documents that have been produced or will be produced in this Action in the normal course of discovery such that, the burden of deriving

5

> information sought by this Interrogatory is substantially the same for Arco as for CFAC. *See* F.R.C.P. 33(d). CFAC therefore responds pursuant to Rule 33(d) and directs Arco to documents to be produced in this Action, including, for example, in response to Document Requests Nos. 5, 6, and 7. CFAC further reserves its right to supplement or amend its response to this Interrogatory as appropriate.

(*See, e.g.*, Doc. 51-2 at 17.) The response is consistent across the interrogatories, apart from the cited "Document Request Nos," with the exception of No. 11, which does not include a citation a specific document request. (*See id.* at 26.) Arco argues that CFAC's response does not comply with Rule 33(d) because CFAC has not identified specific responsive documents. Arco is correct.

Pursuant to Rule 33(d),

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). To properly invoke Rule 33(d), "a responding party must specifically identify the documents that contain the answers." *U.S. ex rel. Landis v. Tailwind Sports Corp.*, 317 F.R.D. 592, 594 (D.D.C. 2016) (internal quotation marks omitted). "Making only a general reference to a mass of documents or

6

records is an abuse of Rule 33(d)." *Id.* (internal quotation marks and alteration omitted); *see Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal 1996).

Here, CFAC provides only general reference to documents it eventually plans to provide (but has not yet produced) in response to Arco's discovery requests. In doing so, CFAC fails to give Arco "a reasonable opportunity to examine and audit" those records as required. *See* Fed. R. Civ. P. 33(d)(2). Moreover, "[w]hen a Rule 33(d) response is contested, the responding party must show that a review of the documents will actually reveal answers to the interrogatories." *Tailwind Sports Corp.*, 317 F.R.D. at 595 (internal quotation marks omitted). Such a showing is not possible when no specific documents have been identified. CFAC cannot have it both ways; it cannot fail to produce responsive documents while also relying on those documents to answer Arco's discovery requests.

CFAC further argues that a number of Arco's requests are "contention interrogatories," which inappropriately require CFAC to state the facts and theories regarding the core issues in the case.[1] But the only interrogatory that asks for a specific contention is Interrogatory No. 10: "If you contend that you are not

---

[1] Note that this argument is inconsistent with CFAC's reliance on Rule 33(d) to answer these interrogatories. *See Tailwind Sports Corp.*, 317 F.R.D. at 594 ("[C]ourts have consistently held that Rule 33(d) cannot be used with respect to contention interrogatories[.]") (internal quotation marks and alteration omitted).

7

responsible for any elevated cyanide or fluoride concentrations in soil, groundwater, of surface water at the Site, state the basis for that contention and identify all person with knowledge relating to that contention." (Doc. 51-2 at 24.) As argued by CFAC, courts have expressed "skepticism about the use of contention interrogatories at the early stages of discovery" and outlined four guidelines to assess the propriety of such requests:

> the moving party must demonstrate that interrogatory responses would contribute meaningfully to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56.

*In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008). But Arco makes a compelling point that (1) and (2) are met here. Given the Site's long history and the varied releases and storage of pollutants across the area, it makes sense that Arco would want to know whether specific, harmful pollutants are part of CFAC's claim. If not, it may save both sides time in both litigation and discovery.

CFAC's Rule 33(d) objections to Arco's Interrogatory Nos. 3, 4, 5, 7–11 are stricken and CFAC is required to respond to those discovery requests.

### III. Document Production Schedule

Arco's next objection arises out of CFAC's proposed disclosure dates. Pursuant to Rule 34, "production . . . must be completed no later than the time for

8

inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). Here, Arco originally proposed a deadline of thirty days, which would fallen in early June 2019. (*See* Doc. 51-1 at 3.) In its discovery response, CFAC indicated it would make it first production by July 31, 2019. (*See* Doc. 51-2 at 5.) It did so by the end of June 2019. (*See* Docs. 51-5, 51-6.) However, in its response to Arco's June 14 correspondence, CFAC indicated that it was willing "to complete its document production in response to Arco's requests by December 31, 2019, in order to permit sufficient time to conduct fact depositions." (Doc. 51-4 at 5.) Arco now asks that such response be completed by August 31, 2019.

Given the Site's history and the extensive number of documents at issue, it may have been reasonable for CFAC to propose an extended production deadline in response to Arco's discovery request. But its counter-proposal of rolling production over a six-month period is neither reasonable nor in conformance with the Rules of Procedure. A set deadline is necessary to "secure the just, speedy, and inexpensive determination" of this proceeding. *See* Fed. R. Civ. P. 1. CFAC chose to bring this case and must litigate it consistently with the Rules. Accordingly, CFAC must respond to Arco's document production requests within thirty (30) days of the date of this Order.

## IV. Tax Returns

CFAC contends that it does not need to produce its tax returns. "Tax returns are generally discoverable where necessary in private civil litigation." *Kelley v. Billings Clinic*, 2013 WL 1414442, at *6 (D. Mont. Apr. 8, 2013). However, recognizing the public policy need "to encourage taxpayers to file complete and accurate returns," courts generally apply a two-prong test to determine whether disclosure is warranted: "First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Id.* (internal quotation marks omitted). "The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable." *Id.*

Here, CFAC does not dispute that the returns are relevant. (*See* Doc. 53 at 17 (arguing only that "Arco has failed to establish a 'compelling need' for all of CFAC's returns.").) Arco also shows that CFAC's profits and expenses are relevant to equitable allocation in a CERLCA contribution case such as this. (*See* Doc. 54 at 10.) Thus, the burden shifted to CFAC to show that the documents are readily obtainable elsewhere. *Kelley*, at *6. CFAC fails to meet this burden. CFAC argues that the information is available in other discovery, specifically

10

citing CFAC's response to Interrogatory No. 6 and its production of documents in response to Requests Nos. 17, 27, and 31. But CFAC did not respond to Interrogatory No. 6; rather, it lodged numerous objections. (*See* Doc. 51-2 at 20.) Similarly, its responses to Requests No. 17, 27, and 31 merely contain objections and an assertion that "CFAC's review is ongoing." (*See, e.g., id.* at 40.) These nonresponsive answers that fail to identify any specific documents do not show that the information is "readily obtainable" from other sources. CFAC must produce its tax returns.

## V.  General Objections

All of CFAC's responses to Arco's Interrogatories and Requests for Production are made subject to an introductory section titled "General Responses and Objections." (*See* Doc. 51-2 at 3–11.) General objections such as these do not comply with the Federal Rules. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005); *MD Helicopters, Inc. v. Aerometals, Inc.*, 2019 WL 2103408, at *4 (E.D. Cal. May 14, 2019) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."). They are also confusing. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."); *Simonsen v. Allstate Ins. Co.*, 31 Mont.

11

Fed. Rep. 154, 157 (D. Mont. 2003) ("Allstate's practice of objecting and then responding [is] . . . confusing and evasive."). Accordingly, CFAC's "General Objections" are stricken.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Arco's motion to compel (Doc. 51) is GRANTED. CFAC shall respond to Interrogatory Nos. 3, 4, 5, 7–11 and complete document production, including producing its tax returns as requested in Request No. 19, within thirty (30) days of the date of this Order.

IT IS FURTHER ORDERED that CFAC's "General Objections" are STRICKEN.

IT IS FURTHER ORDERED that Arco is awarded attorneys' fees on the present motion in the amount of $16,095.10.[2] Fed. R. Civ. P. 37(a)(5)(A); (*See* Doc. 55.)

DATED this 21st day of August, 2019.

Donald W. Molloy, District Judge
United States District Court

---

[2] Any argument that Arco's attorney rates, (*see* Doc. 55-1 (hourly rates of $268, $410, and $427), are unreasonable is undercut by the substantially higher attorney rates charged by CFAC's counsel, (*see* Doc. 56-1 (hourly rates of $490, $580, and $1,025)).