Randy J. Cox
BOONE KARLBERG P.C.
201 West Main, Suite 300
P.O. Box 9199
Missoula, MT 59807-9199
Telephone: (406) 543-6646
Facsimile:  (406) 549-6804
rcox@boonekarlberg.com

Jonathan W. Rauchway (Admitted *Pro Hac Vice*)
Adam S. Cohen (Admitted *Pro Hac Vice*)
Gail L. Wurtzler (Admitted *Pro Hac Vice*)
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:  (303) 892-9400
Facsimile:   (303) 893-1379
Jon.Rauchway@dgslaw.com
Adam.Cohen@dgslaw.com
Gail.Wurtzler@dgslaw.com

*Attorneys for Defendant*
*Atlantic Richfield Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| COLUMBIA FALLS ALUMINUM COMPANY, LLC | Case No. CV 18-131-M-DWM |
| Plaintiff, | **DEFENDANT ATLANTIC RICHFIELD COMPANY'S MOTION TO AMEND FINDINGS OF FACT NOS. 423 AND 427 AND JUDGMENT** |
| - against - | |
| ATLANTIC RICHFIELD COMPANY | |
| Defendant. | |

Defendant Atlantic Richfield Company ("Atlantic Richfield") moves to amend and correct Findings of Fact Nos. 423 and 427 in the Court's Findings of Fact and Conclusions of Law (Doc. 148) and the Judgment entered on September 27, 2021 (Doc. 151) under Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure.

Finding of Fact No. 423 states that:

> Based on the proof presented at trial, the Site area (the Industrial portion approximately 807 acres) is valued at $2.25 million. *ARCO failed to present any evidence that CFAC's additional property was part of the original acquisition sale or should be considered in this valuation.* Nevertheless Hall persuasively testified that because CFAC purchased the property for $1, the return on investment based only on the value of the property is significant for CFAC above and beyond any economic value realized by the operation of the Site.

(Emphasis added). The italicized portion of Finding of Fact No. 423 is erroneous because Atlantic Richfield did present evidence at trial that CFAC's additional property was part of the original acquisition sale in 1985. If the Court corrects Finding of Fact No. 423, then the property value-based credit Atlantic Richfield will receive against future CERCLA response costs in Finding of Fact No. 427 should be corrected based on the value of the entire property CFAC acquired in 1985, and the Judgment conformed accordingly.

The grounds for this Motion are set forth in detail in the supporting brief being filed concurrently.

The undersigned counsel has conferred with Plaintiff's counsel and states that Plaintiff opposes the Motion.

Dated: October 22, 2021                    Respectfully submitted,

*/s/ Jonathan W. Rauchway*
Jonathan W. Rauchway
Adam S. Cohen
Gail L. Wurtzler
DAVIS GRAHAM & STUBBS LLP

Randy J. Cox
BOONE KARLBERG P.C.

*Attorneys for Defendant Atlantic Richfield Co.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on the 22nd day of October, 2021, a true and correct copy of the foregoing **DEFENDANT ATLANTIC RICHFIELD COMPANY'S MOTION TO AMEND FINDINGS OF FACT NOS. 423 AND 427 AND JUDGMENT** was served via CM/ECF upon the following:

W. John Tietz
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
800 N. Last Chance Gulch, Suite 101
P. O. Box 1697
Helena, MT 59624

Eliot Lauer
Nathaniel Ament-Stone
Charles B. Howland
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178

<em>s/ Jonathan W. Rauchway</em>