Randy J. Cox
BOONE KARLBERG P.C.
201 West Main, Suite 300
P.O. Box 9199
Missoula, MT 59807-9199
Telephone: (406) 543-6646
Facsimile:  (406) 549-6804
rcox@boonekarlberg.com

Jonathan W. Rauchway (Admitted *Pro Hac Vice*)
Adam S. Cohen (Admitted *Pro Hac Vice*)
Gail L. Wurtzler (Admitted *Pro Hac Vice*)
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:  (303) 892-9400
Facsimile:   (303) 893-1379
Jon.Rauchway@dgslaw.com
Adam.Cohen@dgslaw.com
Gail.Wurtzler@dgslaw.com

*Attorneys for Defendant*
*Atlantic Richfield Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| COLUMBIA FALLS ALUMINUM COMPANY, LLC<br><br>Plaintiff,<br><br>- against -<br><br>ATLANTIC RICHFIELD COMPANY<br><br>Defendant. | Case No. CV 18-131-M-DWM<br><br>**DEFENDANT ATLANTIC RICHFIELD COMPANY'S BRIEF IN SUPPORT OF MOTION TO AMEND FINDINGS OF FACT NOS. 423 AND 427 AND JUDGMENT** |

Defendant Atlantic Richfield Company ("Atlantic Richfield") moves to amend and correct Findings of Fact Nos. 423 and 427 in the Court's Findings of Fact and Conclusions of Law (Doc. 148) and the Judgment entered on September 27, 2021 (Doc. 151) under Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Under Rule 52(b), "no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly.  The motion may accompany a motion for a new trial under Rule 59."  Similarly, under Rule 59(a)(2), "[a]fter a nonjury trial, the court may . . . amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."

Accordingly, after a bench trial, Rules 52(b) and 59 authorize a trial court to amend findings of fact "central to the ultimate decision" in order "to correct manifest errors of law or fact," and to conform the judgment to those amended findings.  *See Ollier v. Sweetwater Union High Sch. Dist.*, 858 F. Supp. 2d 1093, 1117 (S.D. Cal. 2012); *see also Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (A Rule 59(e) motion may be granted when "necessary to correct manifest errors of law or fact upon which the judgment is based.").

2

# ARGUMENT

Finding of Fact No. 423 states that:

Based on the proof presented at trial, the Site area (the Industrial portion approximately 807 acres) is valued at $2.25 million. *ARCO failed to present any evidence that CFAC's additional property was part of the original acquisition sale or should be considered in this valuation.* Nevertheless Hall persuasively testified that because CFAC purchased the property for $1, the return on investment based only on the value of the property is significant for CFAC above and beyond any economic value realized by the operation of the Site.

(Emphasis added).

The italicized portion of Finding of Fact No. 423 is a manifest error of fact because Atlantic Richfield *did* present evidence that CFAC's additional property was part of the original acquisition sale in 1985. Mr. Stevens, Atlantic Richfield's appraiser, testified on redirect that CFAC's additional property had been acquired from Atlantic Richfield as part of the original 1985 acquisition and he therefore had considered that property in reaching his appraisal conclusions, thereby correcting his erroneous statement on cross:

```
 7  BY MR. COX:
 8  Q    I don't want there to be a misimpression here.
 9  Mr. Stevens, when you determined what -- where the properties
10  came from, that is, from Atlantic Richfield to CFAC, did you
11  look at the original acquisition agreement and schedules to
12  it?
13  A    I did.
14           MR. COX:  Karen, could you please bring up Exhibit 1
15  and go first to page 52?
16           MS. STEPHAN:  (Complied with request.)
17  BY MR. COX:
18  Q    And Schedule 3(f) to the acquisition agreement, does that
19  look familiar to you?
20  A    Yes, it does.
21  Q    And were you then able to confirm that all of the
22  properties that you assessed are listed on the acquisition
23  agreement and came from Atlantic Richfield?

24  A    I was.  I misspoke earlier, thinking that there might
25  have been some road parcels that were purchased at a later
```

1739

*STEVENS REDIRECT EXAMINATION BY COX*

```
 1  date.
 2  Q    In any event, you relied, for your statement, on
 3  Schedule 3(f) of the acquisition agreement?
 4  A    Yes.
```

4

Trial Transcript at 1739:7 to 1740:4. Moreover, the additional property is listed in Schedule 3(f) to the 1985 Acquisition Agreement (Exhibit 1, admitted into evidence) which Mr. Stevens referenced during his redirect, and which he relied on for his appraisal opinion.

Finding of Fact No. 423 therefore should be amended to find that the additional property was part of the original 1985 sale between Atlantic Richfield and CFAC and, accordingly, the value of that property should be considered in determining the economic benefit CFAC received under the 1985 Acquisition Agreement.

Finding of Fact No. 423 affects Finding of Fact No. 427, which quantifies the property value-based credit Atlantic Richfield will receive against future CERCLA response costs.[1] If the Court corrects Finding of Fact No. 423, then the credit in Finding of Fact No. 427 should be increased by 35% (Atlantic Richfield's equitably allocated liability share) of the value of the additional property.

Mr. Stevens testified that the value of the additional property is $11,750,000. *See* Finding of Fact No. 422; Tr. Transcript at 1729:9-17. CFAC's appraiser,

---

[1] The parties agree that Atlantic Richfield should receive a credit against future CERCLA response costs in the amount of its equitably allocated share of CERCLA liability multiplied by the appraised value of the property. CFAC acknowledged that would be appropriate in its Proposed Findings of Fact and Conclusions of Law. *See* ECF No. 125 at ¶ 420.

Kraig Kosena, offered no opinion regarding the value of the additional property. Mr. Stevens' $11,750,000 valuation is therefore undisputed. Applying Atlantic Richfield's 35% share to the $11,750,000 value of the additional property yields an additional credit of $4,112,500, for a total credit to Atlantic Richfield of $4.9 million against CFAC's future recoverable response costs.

## CONCLUSION

For the forgoing reasons, Atlantic Richfield requests that the Court amend and correct Findings of Fact Nos. 423 and 427 to reflect the evidence admitted at trial concerning how CFAC acquired the additional property (Mr. Stevens' redirected testimony and Exhibit 1), and amend the Judgment to increase Atlantic Richfield's total credit towards its outstanding CERCLA obligation to $4.9 million.

Dated: October 22, 2021                                  Respectfully submitted,

*/s/ Jonathan W. Rauchway*
Jonathan W. Rauchway
Adam S. Cohen
Gail L. Wurtzler
DAVIS GRAHAM & STUBBS LLP

Randy J. Cox
BOONE KARLBERG P.C.

*Attorneys for Defendant Atlantic Richfield Co.*

## **CERTIFICATION OF COMPLIANCE**

The undersigned certifies that the foregoing document complies with Local Rule 7.1(d)(2). The Brief contains 785 words, excluding the caption, certificate of compliance, and certificate of service. The undersigned relied on the word count of the word-processing system used to prepare the brief.

<em>/s/ Jonathan W. Rauchway</em>

# CERTIFICATE OF SERVICE

I hereby certify on the 22nd day of October, 2021, a true and correct copy of the foregoing **DEFENDANT ATLANTIC RICHFIELD COMPANY'S BRIEF IN SUPPORT OF MOTION TO AMEND FINDINGS OF FACT NOS. 423 AND 427 AND JUDGMENT** was served via CM/ECF upon the following:

W. John Tietz
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
800 N. Last Chance Gulch, Suite 101
P. O. Box 1697
Helena, MT 59624

Eliot Lauer
Nathaniel Ament-Stone
Charles B. Howland
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178

*s/ Jonathan W. Rauchway*